IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIA I. PADILLA-IRIZARRY, | |
| Plaintiff, | CIVIL NO: 14-1699 (MEL) |
| v. | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**OPINION AND ORDER**

Pending before the court is María I. Padilla-Irizarry's ("Plaintiff" or claimant") appeal from the decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability benefits. Plaintiff—who applied for disability benefits alleging major depression and back pain—contends that an administrative law judge's decision to deny her application was not supported by substantial evidence because the ALJ did not provide good reasons for disregarding psychiatric opinions on her mental impairment.

I.   **PROCEDURAL AND FACTUAL BACKGROUND**

On January 23, 2008, Plaintiff filed an application for disability benefits alleging that on August 14, 2006 (or "the onset date"), she became unable to work because of major depression and back pain. See Tr. 616; 619; 432.[1]   Her last date insured under the Social Security Act was December 31, 2011. Tr. 615. Plaintiff's application was denied both initially and upon reconsideration. Thereafter, she filed a request for a hearing before an administrative law judge.

---

[1] "Tr." Refers to the transcript of the record of proceedings.

The administrative law judge held a hearing, and subsequently issued a written decision, finding that Plaintiff was not disabled from her alleged onset through the date of the decision, March 12, 2010. Tr. 432. On August 2, 2012, the appeals council granted review of the original claim, and remanded it for hearing before a different administrative law judge (hereafter "the ALJ").[2] On July 1, 2015, the ALJ issued a written decision finding that Plaintiff was not disabled from August 14, 2006 to March 12, 2010. On July 19, 2014, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner of Social Security, subject to judicial review. Plaintiff filed a complaint seeking review of the Commissioner's findings with regard to her mental impairment.[3] Both parties have filed supporting memoranda of law.

II.   LEGAL STANDARD

  A.  Standard of Review

Once the Commissioner has rendered a final determination on an application for disability benefits, a district court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing [that decision], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court's review is limited to determining whether the ALJ employed the proper legal standards and whether his factual findings were founded upon sufficient evidence. Specifically, the court "must examine the record and uphold a final decision of the Commissioner denying benefits, unless the decision is based on a faulty legal thesis or factual error." López-Vargas v. Comm'r of Soc. Sec., 518 F.

---

[2] On a subsequent application for disability benefits, Plaintiff was found to be disabled from March 13, 2010. The appeal pending before the court concerns the period from Plaintiff's alleged onset on August 14, 2006, to March 12, 2010, the date of the first administrative law judge's opinion on Plaintiff's original claim. The decision now on appeal before the court did not disturb the finding that Plaintiff was disabled since March 13, 2010. Tr. 14.
[3] Plaintiff's appeal does not allege the ALJ erred with respect to any findings on her back pain; therefore, the court declines to address the same in this opinion and order.

2

Supp. 2d 333, 335 (D.P.R. 2007) (citing Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (per curiam)).

Additionally, "[t]he findings of the Commissioner … as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).  The standard requires "'more than a mere scintilla of evidence but may be somewhat less than a preponderance' of the evidence." Ginsburg v. Richardson, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

While the Commissioner's fact findings are conclusive when they are supported by substantial evidence, they are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam) (citing Da Rosa v. Sec'y of Health & Human Servs., 803 F.2d 24, 26 (1st Cir. 1986) (per curiam); Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam)).  Moreover, a determination of substantiality must be made based on the record as a whole.  See Irlanda Ortiz, 955 F.2d at 769 (citing Rodríguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)).  However, "[i]t is the responsibility of the [ALJ] to determine issues of credibility and to draw inferences from the record evidence." Id. Therefore, the court "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." Rodríguez Pagán v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

**B. Disability Under the Social Security Act**

To establish entitlement to disability benefits, the claimant bears the burden of proving that he or she is disabled within the meaning of the Social Security Act. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5, 146–47 (1987). An individual is deemed to be disabled under the Social Security Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Claims for disability benefits are evaluated according a five-step sequential process. 20 C.F.R. § 404.1520; Barnhart v. Thomas, 540 U.S. 20, 24–25 (2003); Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 804 (1999); Yuckert, 482 U.S. at 140–42. If it is determined that the claimant is not disabled at any step in the evaluation process, then the analysis will not proceed to the next step. At step one, it is determined whether the claimant is working and thus engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If so, then disability benefits are denied. 20 C.F.R. § 404.1520(b). Step two requires the ALJ to determine whether the claimant has "a severe medically determinable physical or mental impairment" or severe combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If she does, then the ALJ determines at step three whether the claimant's impairment or impairments are equivalent to one of the impairments listed in 20 C.F.R. part 404, subpart P, appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If so, then the claimant is conclusively found to be disabled. 20 C.F.R. § 404.1520(d). If not, then the ALJ at step four assesses whether the claimant's impairment or impairments prevent her from doing the type of work she has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). In assessing an individual's impairments, the ALJ considers all of the relevant evidence in the case record to determine the most the individual can do in a work setting despite the limitations imposed by her

4

mental and physical impairments. 20 C.F.R. § 404.1545(a)(1). This finding is known as the individual's residual functional capacity (or "RFC"). Id. If the ALJ concludes that the claimant's impairment or impairments do prevent her from performing her past relevant work, the analysis then proceeds to step five. At this final step, the ALJ evaluates whether the claimant's residual functional capacity, combined with her age, education, and work experience, allows her to perform any other work that is available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). If the ALJ determines that there is work in the national economy that the claimant can perform, then disability benefits are denied. 20 C.F.R. § 404.1520(g).

III. **ANALYSIS**

All of Plaintiff's arguments on appeal challenge the ALJ's RFC findings on her mental limitations. The ALJ determined, in pertinent part, that Plaintiff had an RFC "limited to the performance of unskilled, simple, and repetitive tasks not requiring attending [to the] public. . . ." Tr. 18. The ALJ presented these limitations to a vocational expert, who testified that although an individual with that RFC could not perform Plaintiff's past work, she could perform representative occupations such as Table Worker, Surgical Instruments Inspector, and Plastic Hospital Products Assembler. Tr. 42-44. Accordingly, the ALJ found that Plaintiff was not disabled because there is work in the national economy she could perform. Plaintiff contends that she had greater limitations than assessed in the RFC; therefore, subsequent analysis was flawed to the extent it relied on a mistaken view of her limitations.

In determining Plaintiff's RFC, the ALJ considered Plaintiff's treatment record (Tr. 20-22) as well as the opinions of two treating psychiatrists and a State Agency psychiatrist who

assessed Plaintiff for her disability determination. The ALJ gave "less weight"[4] to the State Agency psychiatrist, Dr. Carmen Piñeiro (Tr. 22), who assessed depressive disorder but opined that Plaintiff's mental impairments are not severe. Tr. 746 and 747. The ALJ found that Plaintiff did have a severe mental impairment, although not enough as to prevent work-related activities. The ALJ gave "limited" weight to Dr. Alberto Rodríguez and Dr. Carmen Cotto, two psychiatrists who had treated Plaintiff through the State Insurance Fund. Dr. Cotto assessed major depression with anxiety and relatively minor limitations, while Dr. Rodríguez assessed severe major depression with psychosis and much more severe limitations. Plaintiff contends the ALJ's RFC finding was in error because the ALJ did not provide good reasons for "disregarding" the opinion of Dr. Rodríguez.

The disability determination process generally accords "more weight to opinions from [a claimant's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."[5] 20 C.F.R. § 404.1527(c)(2). As such, "a treating source's opinion on the question of the severity of an impairment will be given controlling weight so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'" Polanco-Quiñones v. Astrue, 477 F. App'x 745, 746 (1st Cir. 2012) (quoting 20 C.F.R. § 404.1527(c)(2)).

---

[4] Within the context of the ALJ's opinion, the phrase "less weight" seems to mean "some weight, but not as much as 'great weight and credibility.'" See Tr. 22 ¶ 5 and 6.
The ALJ gave "great weight" to an internal medicine specialist's opinion on Plaintiff's back pain. Within the context of the ALJ's opinion, the phrase "less weight" seems to mean some weight but not as much as "great weight."
[5] Similarly, the Commissioner should "give more weight to the opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." 20 C.F.R. § 404.1527(c)(1).

6

To this end, "an ALJ must give 'good reasons' for the weight accorded to a treating source's opinion." Id. (quoting 20 C.F.R. § 404.1527(c)(2)) (emphasis in original).

In this case, the ALJ recognized that both Dr. Rodríguez and Dr. Cotto performed comprehensive evaluations of Plaintiff; however, he afforded their opinions "limited weight" because of their discrepancies. He noted there have been ups and downs in Plaintiff's symptomatology and discrepancies in diagnoses.

On November 15, 2006, Dr. Cotto evaluated Plaintiff's psychiatric condition for treatment. She diagnosed major depressive disorder with anxiety and prescribed Cymbalta and Klonopin, as well as follow up treatment. Tr. 287-291. After having "not improved much" as of her second psychiatric session (Tr. 285), Plaintiff reported feeling better as of February 16, 2007. Tr. 273. On April 10, Dr. Cotto discharged Plaintiff after five sessions of treatment. Based on Dr. Cotto's observations, Plaintiff was assessed a 10% psychiatric disability on April 23, 2007. Tr. 161. In the same report, the reviewing doctor notes a mild level of pathology in thought, affect, and behavior, and normal intellectual functioning, perception, and judgment. Id.

On August 20, 2007, Plaintiff was admitted into a mental health center for deterioration of depressive symptoms. She experienced partial hospitalization and intensive outpatient treatment, which she received 2-3 times a week. At the time of discharge on November 27, 2007, she was diagnosed with psychotic disorder not otherwise specified and delusional disorder. Tr. 168. Her discharge form notes that "[d]uring therapeutic treatment the patient improved her mood, interpersonal skills, and relations with family members. The medications were decreased and we observed group integration." Tr. 167 and 168. On her discharge she was referred to another health center for further monitoring. Roughly ten days later she reported to her follow up

appointment at the new health center, upon which her diagnosis changed. She was diagnosed with severe major depressive disorder, single episode, without psychotic features. Tr. 169.

On March 13, 2008, Dr. Piñeiro assessed Plaintiff for her disability claim. Dr. Piñeiro assessed depressive disorder, but opined that Plaintiff's mental condition is not severe. In her case analysis report, Dr. Piñeiro found mild restriction of Plaintiff's activities of daily living; mild difficulties in maintaining social functioning; no episodes of decompensation of extended duration; and mild difficulties in maintaining concentration, persistence, or pace. Tr. 757.

On the other hand, Dr. Rodríguez assessed on June 12, 2011, that Plaintiff was unable to meet competitive standards in any of the assessed areas of mental functioning. See Mental Residual Functional Capacity Assessment at Tr. 966-970. As the cause of these limitations, he diagnosed severe major depression with psychosis. Tr. 967. He assessed marked restriction of activities of daily living, marked difficulties in maintaining social functioning, three episodes of decompensation within a 12 month period, each of at least two week duration, and marked deficiencies of concentration, persistence, or pace. Tr. 968. Although Dr. Rodríguez's report postdates the relevant period in this case (August 14, 2006 to March 12, 2010), his report states the earliest day the description of symptoms and limitations applies is May 21, 2009. Tr. 969; See Tr. 247.

Plaintiff contends that she suffered a deterioration of her mental condition such that the various reports are not inconsistent but valid opinions for the time period they were issued.  The ALJ, however, found a longitudinal history of Plaintiff's mental condition could not be established because treatment was not continuous and raised the question of what happened during the lapses in treatment. Insofar as Plaintiff had the burden of establishing the severity of her mental impairment (See Deblois v. Sec'y of Health & Human Servs., 686 F.2d 76, 79 (1st

8

Cir. 1982)), this lack of evidence weighed against her disability claim. The Plaintiff has had episodes of crisis; however, the ALJ noted that she responded to treatment after those episodes and has reported feeling better on several occasions. Accordingly, the ALJ found "discrepancies" between Dr. Rodríguez's opinion and other evidence in the record showing much less severe limitations and therefore declined to give the opinion of Dr. Rodríguez controlling weight. For this reason, the ALJ was not required to include in the RFC all of the limitations assessed by Dr. Rodríguez—i.e. marked difficulties in "concentration, persistence, or pace."

Ultimately, the ALJ considered three medical opinions on Plaintiff's mental limitations: one finding Plaintiff's impairment was not severe, one finding relatively mild limitations, and a third finding severe limitations. Although he declined to give any of them controlling weight because of their discrepancies, the ALJ's final RFC determination reflected a middle ground between the three opinions.  Plaintiff contends the ALJ "disregarded" the medical opinions and left himself with no medical evidence on which to base his RFC assessment; however, the ALJ's language suggests he gave each opinion some, although not controlling, weight, and concluded that Plaintiff's RFC was somewhere in between the three opinions.

Based on the foregoing analysis, the court concludes that the decision of the Commissioner was based on substantial evidence. Therefore, the Commissioner's decision is hereby AFFIRMED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 10th day of January, 2017.

s/Marcos E. López  
U.S. Magistrate Judge